1   SEYFARTH SHAW LLP
    Nick C. Geannacopulos (SBN: 114822)
2   Christian J. Rowley (SBN: 187293)
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendants
    CARRIAGE SERVICES, INC.,
6   and ROLLING HILLS MEMORIAL PARK

7   KRASHNA LAW FIRM
    Omar Krashna (SBN: 214567)
8   1407 Webster Street, Suite 204
    Oakland, CA  94613
9   Telephone:  (510) 836-2999
    Facsimile:  (510) 235-0900
10
    Attorney for Plaintiffs
11  GALE LIGHTHALL and DIONNE MORGAN

12                    UNITED STATES DISTRICT COURT

13          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15

16  GALE LIGHTHALL, an individual and      )   Case No. C 04-0475
    DIONNE MORGAN, an individual           )
17                                         )   **PARTIES' JOINT CASE**
                Plaintiffs,                )   **MANAGEMENT CONFERENCE**
18                                         )   **STATEMENT AND [PROPOSED]**
        v.                                 )   **ORDER**
19                                         )
    CARRIAGE SERVICES, INC., a Texas       )
20  corporation, and ROLLING HILLS         )
    MEMORIAL PARK, a California corporation,)
21                                         )
                Defendants.                )
22  —————————————————————————————)

23

24        The Parties respectfully submit the following Case Management Statement.  Pursuant to

25  the Court's order, the parties mediated the case on February 14, 2005 with Eileen Barker Esq.

26  Despite extensive efforts by the parties on that date and thereafter, the mediation was

27  unsuccessful.  Consequently, the parties have met and conferred and propose the following

28  updated Case Management Statement.

                                        1

1      **1. A brief description of the basis for this Court's subject-matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served.**

Plaintiffs have alleged violations of the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331. The events herein gave rise in the Northern District of California, and therefore, the venue is proper in this Court pursuant to 28 U.S.C. § 1391. Other than the John Doe Defendants, no other parties remain to be served.

     **2. A brief description of the case and defenses, the several key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceedings.**

*Plaintiffs' Description*

Plaintiffs allege that they were wrongfully demoted, suspended and terminated. Plaintiffs worked for Defendants as burial service counselors and planners. The most salient event occurred following Plaintiffs' defense of an African American family, whom they perceived were treated adversely by Plaintiffs' supervisors following the wrongful burial of their deceased family member. Thereafter, Plaintiffs suffered a series of alleged pretextual disciplinary and other adverse employment actions and general hostile treatment imposed by their supervisors and support staff. Plaintiffs allege that the referenced actions were motivated by race and age discrimination. Further, Plaintiff Morgan alleges that she suffered adverse employment actions imposed by her supervisors and support staff in retaliation for taking protected family medical leave and for her requests for reasonable accommodation following surgery and her return to work.

*Defendants' Description*

Rolling Hills Memorial Park, which operates a cemetery in Richmond, California, employed Plaintiffs Lighthall and Morgan in various positions beginning in 1993-94. The Plaintiffs, Defendants understand, are involved in a personal relationship. During the last several years, Plaintiffs exhibited a number of serious performance deficiencies. These deficiencies included, but were not limited to, abusive treatment of other employees, staff, and customers, in violation of their standard of conduct to Rolling Hills and the standard or care due to families

1   during their time of grief.  For example, on one occasion Plaintiff Lighthall screamed at a junior

2   employee over the telephone in a voice that was loud enough to be heard through the telephone

3   receiver by numerous other people in the office.  On another occasion, Plaintiff Lighthall

4   reduced to tears a customer, who was the family member of recently deceased person, through

5   his abusive treatment.  There are numerous other complaints about Plaintiffs by other employees

6   and customers.  Rolling Hills engaged in an extensive performance improvement process with

7   both Plaintiffs in an attempt to improve their performance and behavior, which process was

8   ultimately unsuccessful.  As a result, Rolling Hills terminated both Plaintiffs at different times.

9   Plaintiffs filed, but did not substantively pursue, DFEH administrative charges against

10  Defendants.

11          3.  **A brief description of the legal issues genuinely in dispute, including whether
    there are any dispositive or partially dispositive issues appropriate for decision by
12          motion or by agreement.**

13      *Plaintiffs' Description*

14          1.  Whether Carriage Services is a proper defendant;

15          2.  Whether Plaintiffs' claims and evidence support a prima facie case of race; age or

16              disability discrimination;

17          3.  Whether Defendants establish a legitimate non-discriminatory reason for

18              Plaintiffs' terminations;

19          4.  Whether Plaintiffs' have established a material issue of fact as to their claim of

20              pretext;

21          5.  Whether Plaintiffs were terminated in violation of public policy;

22          6.  Whether Plaintiff Morgan was retaliated against for taking protected Family

23              Medical leave;

24          7.  Whether Plaintiff Morgan was disabled within the meaning of the Fair

25              Employment and Housing Act;

26          8.  Whether Plaintiffs suffered ascertainable and legally cognizable damages;

27          9.  Whether Plaintiffs reasonably mitigated their damages.

28

*Defendants' Description*

Defendants dispute liability on the claims.  The legal issues are as follows:

1. Did Rolling Hills discriminate against Plaintiffs on the basis of their race, age, or disability?

   a. Can Plaintiffs establish a prima facie case of race, age, or disability discrimination?

   b. Can Rolling Hills establish a legitimate non-discriminatory reason  for the termination of Plaintiffs?

   c. Have Plaintiffs established a material issue of fact as to a claim of pretext?

2. Did Rolling Hills terminate the Plaintiffs in violation of a well established public policy?

3. Did Rolling Hills retaliate against Plaintiff Morgan for taking Family Medical Leave?

4. Was Plaintiff Morgan disabled within the meaning of the Fair Employment and Housing Act?

5. Did Plaintiff suffer any consequential damages as a result of Rolling Hills' alleged action?

6. Did Plaintiffs mitigate their damages as required by state and federal law?

7. Does an internal complaint of alleged disparate treatment of customers constitute a "protected activity" for purposes of bringing a retaliation claim under FEHA or any other state law?

8. Are Plaintiffs' claims of retaliation and discrimination barred by the limitations?

9. Can Plaintiffs meet the legal requirements for bringing a punitive damage claim under state law?

4

4.  **A brief description of the procedural history of the matter, including a list of all pending motions and their current status.**

Plaintiffs filed an Amended Complaint, and Defendants have answered.  There are no pending motions.

5.  **A brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.**

The Defendants have deposed the Plaintiffs, Lighthall and Morgan.  The Defendants have not completed the Morgan deposition, and have approximately two hours remaining.  Plaintiff has deposed Barry Bamford, the sales manager and decision maker, as well as two percipient witnesses, Judy Windham, and Joan Schober.

6.  **A formal, agreed-upon plan of the discovery each party intends to pursue, including, but not limited to, based upon the nature of the case, the scope and duration of the discovery and whether the parties can limit discovery in any manner, such as using phased discovery to or limiting the scope of initial discovery matters, as well as a list of key witnesses who the parties deem essential to prove their claims or defenses, and the information each party deems essential to obtain from the other party to prove their claims or defenses.**

The parties do not believe that phased discovery would be beneficial in this case.

*Plaintiffs' Discovery*

Plaintiffs have already deposed three defense witnesses and propounded documentary discovery requests.  Plaintiffs also have supplemental discovery for production to Defendants, which will be produced following current process of categorization.  Plaintiffs intend to take the depositions of Laura Miller; Sandra Guy; and Rev. Joe Frank, all former patrons of Rolling Hills who were cited as complaining parties relating to disciplinary action taken against Plaintiffs.

*Defendants' Discovery*

Defendants have served written document requests and interrogatories on the Plaintiffs.  Defendants have some follow-up discovery to provide to Plaintiffs in written form.  Defendants intend to depose the following witnesses at this point: Walter Murray, former employee of Rolling Hills; Webster "Web" Francis, former salesman of Rolling Hills; Mata Mouton Jefferson, customer of Rolling Hills; Rev. Ron Swisher, personal acquaintance of Plaintiff Gale Lighthall; and Michael Johnson, former employee of Rolling Hills.

1    At this point, Defendants do no believe that phased discovery would be of assistance.

2  Defendants also may need to depose Rev. Joe Frank and Sandra Guy, who are third party

3  customers of Rolling Hills who may have information about the grounds for Plaintiffs'

4  termination.

5    **7. A brief description of the motions each party intends to pursue before trial,
the extent to which new parties will be added or existing parties deleted, and the extent**

6  **to which evidentiary, claim-construction or class certification hearings are anticipated.**

7    *Plaintiffs' Description*

8    Opposition to anticipated motion for summary judgment.

   *Defendants' Description*

9    Defendants intend pursue a motion for summary judgment seeking to dismiss all claims

10  against them and also to dismiss Carriage Services, Inc. as an improper defendant.  At this point,

11  Defendants cannot predict what discovery motions, if any, will be necessary.

12    **8. A brief description of the relief sought, including the method by which**

13  **damages are computed.**

14    Plaintiff seeks monetary damages for lost wages, general damages, and punitive damages,

15  and interest therefrom.  Plaintiffs' lost wages are calculated based on the last level or rate of base

16  salary and commission they earned at the peak earning period of their employment for

17  Defendants, and prior to their respective demotions and ultimate terminations.  Plaintiffs'

18  damages also include costs related to retraining in another professional field.

19    Plaintiffs' collective current economic damages as computed above are approximately

20  $300,000.00.

21    Defendants seek dismissal of all causes of actions and recovery of its costs and fees.

22    **9. ADR efforts to date and a specific ADR plan for the case, whether the parties
have complied with Civil L. R. 16-8(b) regarding ADR certification, and the prospects**

23  **for settlement including whether either party wishes to have a settlement conference
with another judge or magistrate.**

24    The parties mediated the case on February 14, 2005 as discussed above.  The mediation

25  was unsuccessful.

26    **10. Whether all parties will consent to assignment of the case to a magistrate
judge to conduct all further proceedings including trial.**

27

28    The parties do not agree to assigning the case to a Magistrate Judge.

6

**11. Proposed deadlines and court dates, including a discovery cut-off, hearing dispositive motions, pretrial conference and trial date, the anticipated length of trial, the approximate number of witnesses, experts and exhibits, whether the case will be tried by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence.**

| | |
|---|---|
| Trial date: | December 6, 2005 |
| Estimated trial length: | 10 days |
| Trial type: | Jury |
| Defense Witnesses: | 15 |
| Plaintiffs' Witnesses: | 25 |
| Discovery Cut-Off Date: | September 30, 2005 |
| MSJ Hearing Cut-Off | November 8, 2005 |
| Expert Disclosure Cut-Off: | August 26, 2005 |
| Rebuttal Expert Disclosure Cut-off: | October 14, 2005 |
| Expert Discovery Cut-Off: | November 18, 2005 |

**12. A current service list for all counsel, including telephone and facsimile numbers.**

*Defense Counsel*:  Nick Geannacopulos and Christian J. Rowley, Seyfarth Shaw, 560 Mission Street, Suite 3100, San Francisco, CA 94105; telephone: (415) 397-2823; facsimile: (415) 397-8549.

*Plaintiffs' Counsel*:  Omar Krasha, Krashna Law Firm, 1407 Webster Street, Suite 203, Oakland, California 94613; telephone: (510) 836-2999; facsimile: (510) 235-0900.

**13. To the extent not specifically addressed above, all other items set forth in Civil L. R. 16-10.**

*NA*

**14. In order to assist the Court in evaluating any need for disqualification or recusal, the parties shall disclose to the Court the identities of any person, associations, firms, partnerships, corporations or other entities known by the parties to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

*NA*

1    DATED: February 28, 2005                    SEYFARTH SHAW LLP

2

3                                                By _____
                                                    Christian J. Rowley
4
                                                 Attorneys for Defendants
5                                                CARRIAGE SERVICES, INC., AND
                                                 ROLLING HILLS MEMORIAL PARK
6

7
     DATED: February 28, 2005                    KRASHNA LAW FIRM
8

9
                                                 By _____
10                                                  Omar Krahsna

11                                               Attorney for Plaintiffs
                                                 GALE LIGHTHALL, DIONNE MORGAN
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

<u>CASE MANAGEMENT ORDER</u>

2

    This Case Management Statement and Proposed Order is hereby adopted by the Court.

3

The Court further orders the parties to complete non-binding private mediation by no later than

4

February 25, 2004.  In addition the Court orders the following:

5

6

7

8

9

Dated _____, 2005

10

                                       _____
Hon. Jeffrey S. White
United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9**